UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
IN RE:                                                               CHAPTER 13
                                                                            CASE NO.: 09-74046-REG
                                                                            Hon. ROBERT E. GROSSMAN


LIHUA AND MANUEL AREBALO              AMENDED NOTICE OF MOTION FOR
Debtors                                                            ATTORNEY COMPENSATION AND
                                                                            MORTGAGE LIEN AVOIDANCE
-------------------------------------------------X

PLEASE TAKE NOTICE:

   Upon the attorney affirmation in support of application for attorney compensation and second mortgage lien avoidance, supporting form disclosure of attorney compensation, statement of attorney bill and working time sheets, chapter 13 plan confirmed by Hon. ROBERT E. GROSSMAN, a copy of the real property Fair Market Value appraisal, and other things:

   The undersigned counsel for the debtors will move this court, on 9:30 AM, February 8, 2010, before Hon. ROBERT E. GROSSMAN, at the room 860, 290 Federal Plaza, Bankruptcy Court Eastern District of New York, Central Islip, NY 11722, for an order awarding the balance of attorney compensation as administrative expense under 11 U.S.C. § 507, and clarifying that claim of secured second mortgage lien, if any, by JP Morgan Chase Bank is null and void, that the same shall be treated as unsecured debt under 11 U.S.C. § 506(a), to be paid by the TRUSTEE pro rata not less than the minimum percentage of distribution under the plan.


Dated: New York, NY
January 15, 2010

                                                                Sincerely,
                                                                /s/ Frank Xu
                                                                Frank Xu Esq.
                                                                305 Broadway 7th Floor
                                                                New York, NY 10007
                                                                Tel: 212/897-5866  Fax: 212/901-0499
                                                                Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
IN RE:                                             CHAPTER 13
                                                     CASE NO.: 09-74046-REG
                                                     Hon. ROBERT E. GROSSMAN

LIHUA AND MANUEL AREBALO                           AFFIRMATION IN SUPPORT OF
Debtors                                            ATTORNEY COMPENSATION AND
                                                     MORTGAGE LIEN AVOIDANCE
-------------------------------------------------X


      I, Frank Xu, an attorney representing the debtors in above entitled chapter 13 matter, respectfully state the following in support of application for the remaining balance of attorney compensation and second mortgage lien avoidance:

      1. From answering first inquiry from the debtors on or about March 2, 2009, I have studied chapter 13 procedures and substantive bankruptcy law, and painstakingly worked for the best interest of the debtors to achieve their desired goal of debt and mortgage foreclosure avoidance. In this process I counseled the debtor's family head, namely, Lihua Arebalo in dozens of telephone consultations and office meetings in a diligent and patient manner, notwithstanding her moody temperament and obsessive habit of imposing a cloud of doubts on my counsel and advice.

      2. The Statement of Attorney Bill for compensation is modeled after assessment of reasonable billable time an ideally experienced attorney working for the same case may honestly bill. As such, a substantial portion of actual time spent is voluntarily disallowed due to possible procedural inexperience. And charge for legal assistant's work on ECF filing is also waived. See Exhibit A: Statement of Attorney Bill; Exhibit B: Form B 203 Disclosure of Compensation of Attorney for Debtors.

3. The amount of compensation required is quite modest in light of the unique circumstances of this case, such as procedural complexity, Lihua Arebalo's moody temperament, her ever changing priorities, and long distance travels for court appearance, among other things. It is not excessive because "no reasonable lawyer, after careful review of underlying facts [of the case], would be left with a definite and firm conviction that the fee is excessive." Other relevant factors in evaluating the reasonableness of attorney compensation are the specialty and difficulty of the bankruptcy law, excessive amount of time and labor demanded in the course of representation, patience and resilience necessary for both satisfying the TRUSTEE's demands and advancing the debtors' best interest, lost opportunity for taking more profitable employment, and the fair market value of New York attorneys for the same service rendered, etc.

4. In the plan confirmation order dated September 18, 2009, Hon. ROBERT E. GROSSMAN overruled plan avoidance of real property mortgage lien. See Order Confirming Plan by Hon. ROBERT E. GROSSMAN ("Further, reference made in the Plan to the avoidance of lien(s), if any is explicitly not approved by the Court and the plan is null and void, in part, concerning the avoidance of any liens.").

5. However, claim of secured second mortgage lien, if any, by JP Morgan Chase Bank is null and void under 11 U.S.C. § 506(a), under whose authority the operation of plan disallowance is not precluded by 11 U.S.C. § 1322(b)(2). See In Re Bellamy, 962 F.2d 176 (2d Cir. 1992); In re Hart, 923 F.2d 1410 (10th Cir. 1991); Wilson v. Commonwealth Mortg. Corp., 895 F.2d 123 (3d Cir. 1990); In re Hougland, 886 F.2d 1182 (9th Cir. 1989).

6. The U.S. Supreme Court in Nobelman v. American Sav. Bank, 508 U.S. 324 (1993)[1] decided that the anti-modification provision of 11 U.S.C. § 1322(b)(2) prohibits mortgage lien cram-down to the value of underlying security, based on its reading of state property and contract rights. However, in the event that the underlying real property, the debtor's principal residence in this case, subject to purchase money first mortgage under 11 U.S.C. § 1322(b)(2) retains no value beyond the first purchase money mortgage to secure the second mortgage lien, the holder of the second mortgage lien has not an allowed secured claim under 11 U.S.C. § 506(a). As such, anti-modification rules such as 11 U.S.C. § 1322(b)(2) do not apply. See e.g., In re Bartee, 212 F.3d 277, 289 (5th Cir. 2000); In re McDonald, 205 F.3d 606, 615 (3d Cir. 2000); In re Dickerson, 222 F.3d 924, 926 (11th Cir. 2000): In re Mann, 249 B.R. 831, 840 (B.A.P. 1st Cir. 2000); In re Lam, 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997). And the plan may treat implicitly the second mortgage lien as wholly unsecured, especially when both TRUSTEE and mortgage lien holder had ample notice on the lack of collateral for the lien to attach to; confirmation of chapter 13 plan necessarily voids lien under 11 U.S.C § 506(d).

---

[1] Under Nobelman v. American Sav. Bank, 508 U.S. 324 (1993), bargained-for state contract and property rights are protected from modification under 11 U.S.C. § 1322(b)(2). Although 11 U.S.C. § 506(a) determines the amount of the creditor's secured claim, the anti-modification provision precludes the plan modification of rights, which are not limited by the valuation of its secured claim. Because state law determines a creditor's rights in a bankruptcy case under Butner v. U.S., 440 U.S. 48, 54-55 (1979), the rights that cannot be modified are those reflected in the loan documents enforceable under state contract and real property law, which include the "right to repayment of the principal in monthly installments over a fixed term at specified adjustable rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against [the debtor's] residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure. The leading commentators confirm the majority view: "The Nobelman opinion strongly suggests ... that if a lien is completely undersecured, there would be a different result. The opinion relies on the fact that, even after bifurcation, the creditor in the case was "still the 'holder' of a 'secured claim' because petitioners' home retain[ed] $23,000 of value as collateral." If the creditor had held a lien on property that had no value (perhaps because the property was fully encumbered by prior liens), then under this analysis it would not have been a "holder of a secured claim" entitled to protection by § 1322(b)(2). 5 Collier on Bankruptcy, § 1322.06[1][a] at 1322-16 (Lawrence King 15th ed. 1989).

7. Due to the financial storm arising out of mortgage-derivative securities bond market and the recent collapse of real property exuberance, the debtors face a uniquely unfortunate financial hardship in that their remaining balance of the first purchase money mortgage exceeds the fair market value of underlying real property notwithstanding years of mortgage payment. As such, claim of the second mortgage lien must be declared null and void for lack of underlying security under 11 U.S.C. § 506(d).[2] See Exhibit C: Appraiser's Report On Residence Fair Market Value.

8. For above reasons, on behalf of debtors I respectfully request: (1) This court awards the balance of attorney compensation as administrative expense under 11 U.S.C. § 507, and (2) an Order and Declaration to clarify that claim of the second mortgage lien, if any, is null and void, and the unpaid mortgage account balance, if timely filed, shall be treated as unsecured claim entitled to pro rata distribution under the plan.

Dated: New York, NY
January 15, 2010

Sincerely,

Frank Xu, Esq.
305 Broadway 7th Floor
New York, NY 10007
Tel: 212/897-5866 Fax: 212/901-0499
Attorney for Debtors

---

[2] In this case, the second mortgage lien is wholly unsecured and must be disallowed, because the appraised fair market value of the underlying real property in question is $450,000, while the principal amount of the first purchase lien mortgage lien is $490,000, of which $477,106.89 remains outstanding as of August 19, 2009, according to Proof of claim filed by JP Morgan Chase Bank N.A.

AFFIDAVIT OF SERVICE

IN RE: LIHUA AND MANUEL AREBALO
CHAPTER 13 CASE NO.: 09-74046-REG

*COUNTY AND STATE OF NEW YORK} SS:*

 I, Frank Xu, counsel for the debtors in above entitled chapter 13 matter, being duly sworn and subscribe to, hereby affirm under the penalties of perjury that:

 On January 15, 2010, I served a true copy of the AMENDED NOTICE OF MOTION FOR ATTORNEY COMPENSATION AND MORTGAGE LIEN AVOIDANCE, affirmation in support, form disclosure of attorney compensation, statement of attorney bill and working time sheets, and chapter 13 plan confirmed by Hon. ROBERT E. GROSSMAN, upon all parties in interest by first class mail:

Lihua and Manuel AREBALO, Debtors
36 Ellard Avenue
Great Neck, NY 11024

Michael J. Macco, Standing Trustee
135 Pinelawn Road Suite 120 South
Melville, NY 11747

Diana G. Adams, U.S. Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

Dennis Jose Esq., Attorney for JP Morgan Chase Bank, N.A.
Steven J. Baum P.C. P.O. Box 1291
Buffalo, NY14240-1291

And all unsecured creditors in attached creditors matrix.

Dated: New York, NY
January 15, 2010

*/s/ Frank Xu*
Frank Xu, Esq.
305 Broadway 7th Floor
New York, NY 10007
Tel: 212/897-5866 Fax: 212/901-0499
Attorney for Debtors

# CREDITOR MATRIX/LIST OF CREDITORS

American Express
PO Box 981537
EL Paso TX 79998

Bank of America
4060 Ogletown Stanton RD
Newark, DE 19713

Chase Bank/Washington Mutual
800 Brooksedge Blvd
Columbus, OH 43081

Chase Home Finance LLC
PO Box 260161
Baton Rouge, LA 70826

Citi Cards CBSDNA
PO Box 6500
Sioux Falls, SD 57117

Home Depot
Credit Service Processing Center
Des Moines, IA 50364

Discover Card
12 Reads Way
New Castle, DE 19720

HSBC Direct Card Service
PO Box 17313
Baltimore, MD 21297

Helms Bros Inc.
208-24 Northern Blvd
Bayside, NY 11361

Macy's/DSNB
9111 Duke Blvd
Mason, OH 45040

Orchard Bank
PO Box 15153
Wilmington, DE 19886

Sears Citi Cards
8725 W Sahara Ave
The Lakes, NV 89163

Sleepy's/Gemb
PO Box 981439
EL Paso, TX 79998

Target National Bank
PO Box 673
Minneapolis, MN 55440

Universal Card/CBSDNA
8787 Baypine Rd
Jacksonville, FL 32256